UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OGHENEOFEJIRO G. UZOKPA,<br><br>    Defendant. | Case No. 23-cv-40005-JPG |

## **MEMORANDUM AND ORDER**

This case is before the Court on Defendant Ogheneofejiro G. Uzokpa's Motion for Termination of Restitution While Incarcerated (Doc. 73). Uzokpa pled guilty to two charges, conspiracy to commit wire fraud and wire fraud, and was sentenced by this Court on November 5, 2024. As part of Uzokpa's sentence, the Court ordered him to pay $329,470.00 in restitution, due and payable in equal monthly installments of $50 or ten percent of his net monthly income, whichever is greater. In his motion, Uzokpa states that he is unable to make the restitution payment of $50 because he has limited earning capacity while incarcerated and asks the Court to terminate the restitution order while he is in prison.

"District courts have limited power to revisit sentences after they are imposed." *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). They may only revisit them as authorized by statute or rule. *Id.* 18 U.S.C. § 3664(k) allows a district court to modify a restitution order if the defendant shows: (1) there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," and (2) "the interests of justice require" the modification. Even if a defendant makes the required showing, the district court is only permitted to adjust the payment schedule of the restitution. *United States v. Mandel*, 179 F. App'x 965, 966–67 (7th Cir. 2006). The statute gives no authority to reduce or terminate

the restitution order. *Id.*

Here, there is insufficient evidence for the Court to conclude there has been a material change in Uzokpa's economic circumstances that warrants an adjustment to his payment schedule. He has not attached any proof of his financial status or his current income. *See United States v. Hill*, 205 F.3d 1342, at *1 (6th Cir. 1999) (affirming district court's denial of motion to defer restitution because the defendant "did not attach any proof regarding his financial status or current income to the motion").

In addition, there is no indication that Uzokpa notified the Attorney General that his financial circumstances have changed. 18 U.S.C. § 3664(k) requires the defendant to "notify the court and the Attorney General of the material change" and requires the Attorney General to "certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances." Since the requirements of 18 U.S.C. § 3664(k) have not been met, the Court has no authority to modify the restitution order.

Uzokpa has not provided proof of a material change in his economic circumstances that warrants an adjustment to the payment schedule and has not notified the Attorney General of the material change in circumstances as required by 18 U.S.C. § 3664(k). Therefore, the Court DENIES his Motion for Termination of Restitution While Incarcerated (Doc. 73).

**IT IS SO ORDERED.**
**DATED**:  September 29, 2025

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**