UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

OGHENEOFEJIRO G. UZOKPA,

      Defendant.

Case No. 23-cr-40005-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Ogheneofejiro G. Uzokpa's Motion for Stay on Restitution (Doc. 78). Uzokpa pled guilty to two charges, conspiracy to commit wire fraud and wire fraud, and was sentenced by this Court on November 5, 2024. As part of Uzokpa's sentence, the Court ordered him to pay $329,470.00 in restitution, due and payable in equal monthly installments of $50 or ten percent of his net monthly income, whichever is greater. In his motion, Uzokpa states that he is unable to make the restitution payment because his monthly salary is $30, and he has no income outside of prison. Further, he states that he recently lost his mother-in-law who was rendering him financial support. He alleges that this is a material change in circumstances and asks the Court to halt or modify his restitution payment. This is Uzokpa's second motion to stay his restitution. His first motion was denied by this Court on September 29, 2025.

"District courts have limited power to revisit sentences after they are imposed." *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). They may only revisit them as authorized by statute or rule. *Id.* 18 U.S.C. § 3664(k) allows a district court to modify a restitution order if the defendant shows: (1) there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," and (2) "the interests

of justice require" the modification. Even if a defendant makes the required showing, the district court is only permitted to adjust the payment schedule of the restitution. *United States v. Mandel*, 179 F. App'x 965, 966–67 (7th Cir. 2006). The statute gives no authority to reduce or terminate the restitution order. *Id.*

Here, the Court is unable to conclude there has been a material change in Uzokpa's economic circumstances that warrants an adjustment to his payment schedule. He has attached a signed copy of his prison trust fund statement for the dates of April 13, 2025, to October 6, 2025. That is sufficient to show proof of his financial status. However, the trust fund statement provides evidence contrary to Uzokpa's allegations. Uzokpa claims that he has no income outside of prison. But the trust fund statement shows numerous deposits into his account from Western Union. In the six months of trust fund statements provided to the Court, the deposits totaled $895. Half of those deposits—$450—were made between August 13, 2025, and October 1, 2025. In other words, the deposits into Uzokpa's trust fund account are increasing. As such, the Court must reject Uzokpa's argument that there has been a material change in his economic circumstances. And since Uzokpa has not shown a material change in circumstances, the Court DENIES his Motion for Stay on Restitution (Doc. 78).

**IT IS SO ORDERED.**
**DATED**:  March 18, 2026

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

2